**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
-------------------------------------------------------------------------X
**JOHN DOE,**

                                                                                                **Civil Action No: 18-cv-12150**

        **Plaintiff,**

        -against-

**HARVARD UNIVERSITY, HARVARD UNIVERSITY BOARD OF OVERSEERS, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and BRIGID HARRINGTON, in her individual and official capacity,**

        **Defendants.**
-------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER**
**PSEUDONYM AND FOR PROTECTIVE ORDER**

        Plaintiff, by his attorneys, Nesenoff & Miltenberg, LLP, hereby seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. In light of the serious nature of the allegations contained in the Complaint, Plaintiff is justifiably concerned about the potential irreparable harm that could further prevent Plaintiff from proceeding with his future endeavors. Plaintiff's identity as described in the Complaint should not be disclosed to the public due to the nature of the allegations in said Complaint. *See* Declaration of Tara J. Davis, Esq. ("Davis Decl.") attached to Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order.

        Plaintiff is prepared to provide a statement of his true identity under seal, upon the Court's request.

## STATEMENT OF FACTS

Plaintiff, a student at Harvard University ("Harvard" or "HU"), was falsely accused by fellow Harvard student Jane Roe of sexual assault. Specifically, Roe alleged Plaintiff sexually assaulted her while she was intoxicated.

On April 1, 2017 Doe and Roe attended a party with other members of their acapella group. The two were good friends and had been celebrating at a post-concert party. Both Doe and Roe had been drinking that night and engaged in flirtatious behavior with one another.

Following the party, Doe and another group member helped Roe carry equipment back to her apartment in University housing. When they arrived at the apartment, Roe invited Doe to stay the night, which he did. Thereafter, Doe and Roe engaged in consensual sexual activity. Upon waking up the following morning, Roe expressed regret about her encounter with Doe because she had a boyfriend.

One month later, on May 5, 2017 Doe was notified by Harvard's Title IX Coordinator Brigid Harrington ("Harrington" or the "Investigator") that he was the subject of an investigation being conducted by Harvard's Office of Dispute Resolution ("ODR"), stemming from the encounter with Roe that occurred in the early morning of April 2, 2017.

After conducting only one interview with Plaintiff, repeatedly denying him an opportunity to meaningfully respond to the allegations against him, and engaging in numerous violations of Harvard's policies, on October 18, 2017, Harrington released the Final Investigation Report (the "Final Report"), in which she found it more likely than not that Doe violated Harvard's policies on non-consensual sexual contact.

Ultimately, on January 24, 2018, Plaintiff's appeal was denied and the findings of responsibility and sanction of a four (4) semester suspension were upheld.

When Defendants found Plaintiff guilty of violating Harvard's sexual harassment policy, Plaintiff was deprived of his fundamental right to a fair process and was discriminated against on the basis of his male sex, as well as his race.

As a result of HU's unlawful actions, Plaintiff's reputation is tarnished, his educational future is uncertain, and his career prospects are likely ruined. Without appropriate redress, the unjustified decision and sanction will continue to cause irreversible damage to Plaintiff. Plaintiff therefore seeks redress from this Court to undo the wrongs occasioned by Harvard to his education and future.

In light of these facts, Plaintiff should be permitted to protect his identity by filing the Complaint under a pseudonym. Plaintiff is prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

## **ARGUMENT**

Many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally, in determining whether to permit a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Plaintiffs I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058, 1068 (9th Cir. 2000). As neither the U.S. Supreme Court nor the First Circuit has definitively articulated the circumstances under which a plaintiff may use a pseudonym, the Court must look to the framework established by neighboring district and circuit courts. The District Court of New Hampshire in *Doe v. Trustees of Dartmouth College* recently examined whether a plaintiff should be permitted to proceed under a pseudonym in his action challenging a disciplinary finding of Dartmouth College related to a charge of sexual misconduct. Remarking that the Third

Circuit's test is consistent with the overall aim of the First Circuit's framework for sealing judicial records, the District Court of New Hampshire relied on the nine-factor balancing test articulated in *Doe v. Megless,* 654 F.3d 404 (3d Cir. 2011), to determine whether the plaintiff could proceed under a pseudonym. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *4 (D.N.H. May 2, 2018).

Recognizing that the court must balance the need for confidentiality against the public interest in disclosure (*Doe v. Bell Atl. Bus. Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D. Mass. 1995)), the Third Circuit identified the following relevant factors for consideration: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives; (7) the universal level of public interest in access to the identities of litigants; (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Doe v. Megless,* 654 F.3d 404, 409 (3d Cir. 2011). As outlined below, applying this framework to the instant matter, Plaintiff here should be permitted to proceed under a pseudonym.

### A. Plaintiff's identity has to date been kept confidential.

The first factor weighs in favor of anonymity. To date, Plaintiff's identity is not publicly known and he has taken steps to keep his identity as a respondent in a Title IX investigation at Harvard confidential.

### B. The potential harms to Plaintiff that would result from disclosure of his identity are substantial and irreparable.

The second factor also weighs in favor of allowing Plaintiff to proceed pseudonymously as the revelation of his identity would result in significant harm to Plaintiff, the exact type of which he seeks to remedy by the commencement of this lawsuit.

First, if the Court requires him to reveal his identity, even if he ultimately obtained a favorable verdict on his Title IX gender bias and state law claims, his future academic and career prospects would nonetheless be hindered as any medical school or potential employer could discover that Plaintiff was accused of sexual misconduct by way of a simple internet search. The District Court in *Doe v. Trustees of Dartmouth College* recognized as the most significant factor in its analysis the plaintiff's concern that public disclosure would forever subject him to reputational damage and impair his future educational and career prospects, regardless of the outcome of the litigation. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *5–6 (D.N.H. May 2, 2018). The Court agreed that this concern was "exacerbated in the Internet age, which can provide additional channels for harassment and will connect plaintiff's name to Dartmouth's findings and sanction forever, whether or not he is successful in this litigation." *Id.*

While in the past courts strongly disfavored allowing plaintiffs to proceed anonymously except in extreme circumstances, the nature of the internet today is such that any plaintiff is readily identifiable, and his information accessible, via a simple online search. *See Doe v.*

*Purdue Univ.,* 321 F.R.D. 339, 343 (D. Ind. 2017). Without a means to control the content disseminated by a media outlet covering a given case, courts must be willing to afford additional protective measures to avoid further damage to a plaintiff involved in a matter concerning such egregious and unfounded accusations as the present one. Critically, as is the case in the present matter, "public identification could defeat the very purpose of the litigation." *Doe v. Trustees of Dartmouth Coll.* at *5–6.

Second, Plaintiff should be permitted to proceed under a pseudonym given the personal subject matter of this litigation. Plaintiff does not merely contend that the revelation of his name would result in embarrassment or public humiliation. Rather, Plaintiff notes the highly sensitive nature and privacy issues that could be associated with being falsely linked to an allegation of sexual misconduct. As observed by the District Court in *Doe v. Trustees of Dartmouth College,* "one's sexual practices are among the most intimate parts of one's life and the public disclosures of such information may subject one to embarrassment or ridicule." *Doe v. Trustees of Dartmouth Coll.,* at *5-6 (*citing to Doe v. Blue Cross & Blue Shield of R.I.,* 794 F. Supp. 72, 74 (D.R.I. 1992) (internal citations omitted)). *See also Doe v. Purdue Univ.,* 321 F.R.D. at 342 ("this litigation requires the disclosure of 'information of the utmost intimacy,' as demonstrated by the details set out in the Complaint, including information regarding Plaintiff's and Jane Doe's sexual relationship, Jane Doe's allegations of sexual misconduct, and the details of the University's findings.")

The Northern District of Indiana agreed that, in a case where a student is challenging a university's disciplinary finding related to a sexual misconduct allegation, "forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention." *Doe v. Purdue Univ*., 321 F.R.D. at 343 (D. Ind. 2017).

Given the potential harms implicated, numerous courts around the country, including this one, have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously. *See e.g. Doe v. W. New England Univ.,* 228 F. Supp. 3d 154 (D. Mass. 2017); *Doe v. Brown Univ.,* 210 F. Supp. 3d 310 (D.R.I. 2016); *Doe v. Columbia Univ.,* 831 F.3d 46 (2d Cir. 2016); *Doe v. Univ. of the South,* 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Brandeis Univ.,* 177 F. Supp. 3d 561 (D. Mass. 2016); *Doe v. Univ. of S. Florida Bd. of Trustees*, 2015 WL 3453753 (M.D. Fla. 2015); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000)). Similarly, Plaintiff here should be permitted to proceed anonymously due to the highly sensitive and personal nature associated with being falsely accused of sexual misconduct.

**C. Disclosure of Plaintiff's identity would result in significant harm to Plaintiff.**

In addition, Plaintiff should be permitted to proceed anonymously in this matter as the revelation of his identify would result in significant harm to Plaintiff, the exact type of which he seeks to remedy by the commencement of this lawsuit. Specifically, if Plaintiff were required to reveal his identity, any ultimate success in this matter would be negated by the disclosure of his name. Thus, even if he were to achieve his objective of removing the sanction from all his academic records, Plaintiff would nonetheless be significantly hindered in his ability to pursue future career and educational endeavors, including graduate studies, as any entity or employer would undoubtedly have access to the records related to the instant matter and discover that

Plaintiff was accused of sexual misconduct. It is widely known that the likelihood of acceptance as a transfer student for an undergraduate degree at an institution with a similar academic reputation, and/or to a graduate institution of high caliber, is already significantly reduced in light of the high number of applicants and stiff competition, but it is almost nil when a plaintiff must contend with the social stigma associated with being found responsible and suspended for sexual misconduct, regardless of whether the decision is ultimately overturned as a result of litigation.

Based on the foregoing, Plaintiff should be permitted to proceed anonymously, as requiring him to reveal his identity would result in significant harm to Plaintiff, including the exact damages he seeks to remedy in this matter: namely, physical, psychological, emotional and reputational damages, economic injuries and the loss of educational and career opportunities.

**D. Defendants will not be prejudiced by allowing Plaintiff to proceed pseudonymously.**

Further, Plaintiff should be permitted to proceed anonymously as Defendants will not be prejudiced in any way by proceeding against an anonymous party. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Plaintiff No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, Defendants are already aware of Plaintiff's true identity. Thus, there is no doubt that Defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds anonymously. Accordingly, Plaintiff must be permitted to proceed anonymously in this action as revealing his name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder Defendants in any way.

### E. There is a weak public interest in knowing Plaintiff's identity.

Plaintiff should also be permitted to proceed in this action anonymously as the public does not have a strong interest in knowing his identity. Considering the purely legal nature of the claims presented (*i.e.*, Defendants violated Plaintiff's right to fair process in violation of Title IX and other federal and/or state law), there is a weak public interest in learning Plaintiff's identity as an individual. The public's interest in this matter would not be furthered by disclosing Plaintiff's identity, as his challenges to HU's biased and unfair investigatory process concern a larger association than the interest of an individual plaintiff; they affect the male student population at Harvard as a whole. *See Plaintiff No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

Thus, there is simply nothing about the status of the Plaintiff that would heighten any public interest beyond the normal public interest in any judicial proceedings sufficient to outweigh Plaintiff's right to privacy. Moreover, the public's knowledge will only be minimally restricted as it will still know what is alleged to have occurred that resulted in charges of sexual misconduct being filed, and how the Defendants investigated and adjudicated those charges. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. Accordingly, there is not a strong public interest in knowing Plaintiff's identity as an individual, as the issues presented to this Court concern a much greater population of potential plaintiffs.

### F. Additional considerations weigh in favor of permitting Plaintiff to remain anonymous.

The remaining factors articulated in *Doe v. Megless* likewise weigh in favor of permitting Plaintiff to proceed anonymously. Plaintiff does not have nefarious ulterior motives in seeking to use a pseudonym, the parties are neither public figures nor government entities.

In addition, the difficulty in allowing involved non-parties to remain anonymous while Plaintiff's identity is revealed warrants the continued use of a pseudonym. The District Court in *Doe v. Trustees of Dartmouth College* recognized the impact removing plaintiff's anonymity would have on plaintiff's accuser Sally Smith, a non-party to the litigation, whose identity would likewise be disclosed if plaintiff were publicly identified. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018).

Similarly, it would be impractical, and time consuming, to require Plaintiff here to disclose his identity, while allowing his accuser and the student witnesses interviewed in relation to the allegations against Plaintiff to remain anonymous.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff requests that his *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

**Dated: New York, New York**
       **October 15, 2018**

**Respectfully submitted,**

**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiff*

**By:** */s/ Tara J. Davis*
**Andrew T. Miltenberg, Esq.**
**Tara J. Davis, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**amiltenberg@nmllplaw.com**
**tdavis@nmllplaw.com**

10