UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>  v.<br><br>HARVARD UNIVERSITY, HARVARD UNIVERSITY BOARD OF OVERSEERS, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and BRIGID HARRINGTON, in her individual and official capacity,<br><br>        Defendants. | Civil Action No. 1:18-cv-12150-IT |

**ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Local Rule 7.2, Defendants Harvard University and President and Fellows of Harvard College[1] (together "Harvard"), and Brigid Harrington ("Harrington") hereby move for leave to file under seal a document supportive of their Motion to Dismiss. As explained below, the document Harvard and Harrington seek to file under seal is Harvard's Final Report of Investigation ("Final Report"), which contains confidential and intimately private information about parties and non-parties and is a record protected against disclosure by the Family Educational Rights and Privacy Act ("FERPA"). Harvard and Harrington further move for leave to file a redacted Memorandum in support of their Motion to Dismiss ("Memorandum") through ECF and to submit to the Court an unredacted Memorandum under seal. As explained below, the Memorandum quotes limited portions of the Final Report. Counsel for Harvard and Harrington have conferred with counsel for Plaintiff, who have indicated that Plaintiff assents to the relief requested in this Motion.

**BACKGROUND**

Plaintiff John Doe filed his Complaint on October 15, 2018. Dkt. No. 1. The Complaint alleges that Harvard's investigation into an unnamed student's ("Jane Roe") complaint of sexual misconduct against Plaintiff was motivated by gender bias and resulted in an "erroneous outcome" in violation of 20 U.S.C. § 1681 (Title IX), that Harvard breached its contract with Plaintiff, and that Harvard breached the covenant of good faith and fair dealing. Plaintiff further alleges that Harvard and Harrington failed to accord Plaintiff due process in violation of 42 U.S.C. § 1983, discriminated against him on the basis of race in violation of 42 U.S.C. § 1981, and were negligent.

---

[1] Plaintiff also named Harvard's Board of Overseers as a Defendant in his Complaint. Because the Board of Overseers is not a corporate entity with any legal status, the parties jointly filed a stipulation to dismiss the Board of Overseers as a party. Dkt. No. 14.

- 1 -

Throughout the Complaint, Plaintiff discusses and relies upon the Final Report issued by Harvard's Office for Dispute Resolution ("ODR"). *See, e.g.,* Compl. ¶¶ 86, 92-94, 97-101, 110, 131. The Final Report contains sensitive nonpublic information about Plaintiff, Jane Roe, and other Harvard College student witnesses provided to Harvard in connection with a process for which Harvard commits to taking "reasonable steps to protect the privacy of all involved." *See Sexual and Gender-Based Harassment Policy and Procedures for the Faculty of Arts and Sciences, Harvard University* § C(v) ("Confidentiality").[2] Harvard and Harrington move now to file the Final Report and their Memorandum quoting from the Final Report under seal.

## ARGUMENT

Harvard intends to file a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), together with a Memorandum in Support of that Motion, on January 4, 2019. The Memorandum attaches and quotes from the Final Report, which Plaintiff cites throughout the Complaint.

**I.     The Final Report Should Be Redacted And Filed Under Seal Because It Contains Intimate Personal And Confidential Information About Plaintiff And Non-Parties.**

Pursuant to District of Massachusetts Local Rule 7.2, confidential information or materials submitted with court filings may be sealed or otherwise restricted from public access upon a showing of good cause. Good cause exists in this matter because the Final Report identifies Plaintiff by name and reveals highly personal, confidential, and sensitive information about Plaintiff, Jane Roe, and other witnesses who were interviewed during or otherwise involved with the investigation that led to the Final Report.

---

[2] Harvard Univ., Sexual and Gender-Based Harassment Policy and Procedures for the Faculty of Arts and Sciences, (Jan. 13, 2016), https://www.fas.harvard.edu/files/fas/files/fas_sexual_and_gender-based_harassment_policy_and_procedures-1-13-16.pdf.

The instant litigation places the content of and the process leading to the Final Report at issue, with the result that the Final Report is crucial to Harvard and Harrington's defense of Plaintiff's claims. The interests of all parties, Jane Roe, and third-party witnesses are aligned in respect to the principle that an unredacted version of the Final Report should not be made available for public viewing. *See United States v. Miami Univ.*, 294 F.3d 797, 818 (6th Cir. 2002) (noting that release of disciplinary records "clearly will injure the reputations of the students involved, including the perpetrator, the victim and any witnesses"). Indeed, the Court already has granted Plaintiff's motion to proceed pseudonymously to protect his own privacy interests.

Likewise, the privacy interests of the Harvard students who participated in the investigation and are named in the 35-page Final Report are straightforward: The Final Report describes and assesses Jane Roe's allegations against Plaintiff and contains personal and private information about parties to the ODR complaint as well as non-parties, including intimate details about sexual interactions and events. The exhibits attached to the Report contain nearly a hundred pages of highly personal and private text messages and emails of Harvard College students. Harvard's interests in confidentiality relate to the integrity and functioning of its ODR process, and through that process, to its goal of maintaining a secure campus. Harvard's policy emphasizes confidentiality in the investigation and reporting of sexual harassment and assault. *See Sexual and Gender-Based Harassment Policy and Procedures for the Faculty of Arts and Sciences, Harvard University* § C(v) ("Confidentiality").

Also of concern in this case is the identity of Jane Roe, the individual who accused Plaintiff of sexual assault. Disclosure of Jane Roe's name is unnecessary and unwarranted. *See Doe v. Trustees of Dartmouth Coll.*, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (explaining

- 3 -

that the individual who accused the plaintiff of assault "has a stronger case for anonymity" than the plaintiff, as a nonparty to the case). "Once personally identifiable information has been made public, the harm cannot be undone." *Miami Univ.*, 294 F.3d at 818 (noting release of disciplinary records "clearly will injure the reputations of the students involved, including the perpetrator, the victim and any witnesses").

Moreover, revealing personally identifiable information of any of the students named in the Final Report may have a chilling effect on student and other witness participation in the Title IX investigatory process at Harvard. *See DeCosta v. Chabot*, 1994 WL 279739, at *2 (D.N.H. June 9, 1994) (granting motion to seal abuse investigation records as supporting exhibits to a dispositive motion, in part to "encourage reports and to protect the reporters").

For all of these reasons, Harvard and Harrington request that this Court allow them to protect the identity of Jane Roe and the other non-party witnesses by filing the Final Report under seal. *See In re Boston Herald*, 321 F.3d 174, 190–91 (1st Cir. 2003) (affirming the trial court's sound discretion to maintain documents under seal where the privacy interests outweigh the general public interest in access to judicial records, and noting that the Court should give increased weight to the privacy interests of third parties).

**II.     The Final Report Should Be Redacted And Filed Under Seal Because It Constitutes A Record Protected Against Disclosure Under FERPA.**

As an independent basis to file the Final Report under seal and in redacted form to protect the identities of Harvard College students, 34 C.F.R. §§ 99.10, 99.30 ("FERPA") prohibits Harvard from producing to third parties any "personally identifiable information" contained in "education records" of Plaintiff or other Harvard students, except in limited circumstances. "Personally identifiable information" includes a student's name as well as any indirect identifiers "that, alone or in combination, [are] linked or linkable to a specific student that would allow a

reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3. "Education records" are records directly related to a student and maintained by an education institution, *id.*, and include disciplinary records, *Miami Univ.*, 294 F.3d at 813.  As discussed above, the Final Report includes the names of non-party Harvard College students as well as other information sufficient to identify non-party Harvard College students.  These student names and identities are confidential as a matter of law, and Harvard should be permitted to redact all names, even when filing the Final Report under seal.

Generally speaking, FERPA protects from public disclosure a student's personally identifiable information contained in his or her education records, absent the student's consent. FERPA regulations also make clear that witnesses and respondents in school disciplinary proceedings have a privacy interest in the records of the proceedings.  34 C.F.R. § 99.31(a)(14) (emphasis added) provides:

> (i) The institution must not disclose the final results of the disciplinary proceeding unless it determines that—
>
>> (A) The student is an alleged perpetrator of a crime of violence or non-forcible sex offense; *and*
>>
>> (B) With respect to the allegations made against him or her, the student has committed a violation of the institution's rules or policies.
>
> (ii) The institution may not disclose the name of any other student, including a victim or witness, without the prior written consent of the student.

The Sixth Circuit Court of Appeals has held that FERPA's restrictions on the disclosure of information from student disciplinary proceedings apply, notwithstanding state public records laws and the First Amendment interests of press entities seeking to access information about criminal conduct at universities.  *See Miami Univ.*, 294 F.3d at 811, 823.  Several exceptions to

this principle are available under FERPA and its supporting regulations in 34 C.F.R. §§ 99.1 *et seq.* One such exception entitles an institution to disclose to the court "*the student's* education records that are relevant for the . . . institution to defend itself" in a civil action brought by that student. 34 C.F.R. § 99.31(a)(9)(iii)(B) (emphasis added). This exception, however, does not extend to disclosing to the court or to the public information of other College students who are named or are identifiable in the Final Report but are not parties to this litigation. *Id.*

Reconciling Harvard's entitlement to defend itself in this case with its privacy obligations to Plaintiff, Jane Roe, and witnesses requires that the Final Report be sealed from public view in its entirety. Because FERPA protects not just personally identifying information, but also personally *identifiable* information, redacting the names of students from a public-facing Report would be insufficient to comply with FERPA regulations. The Family Policy Compliance Office, the division of the U.S. Department of Education that administers and interprets FERPA and its regulations, has opined that schools must protect from disclosure any information that would render a non-consenting student's identity "'easily traceable,' even after removal or redaction of nominally identifying information" from the records.[3] "Once personally identifiable information has been made public, the harm cannot be undone." *Miami Univ.*, 294 F.3d at 818. As such, consistent with FERPA, the Final Report should be filed under seal in redacted form.

**III.   A Version Of The Memorandum That Redacts Information Quoted From The Final Report Should Be Publicly Filed, And An Unredacted Version Should Be Filed Under Seal.**

If the Court finds good cause for filing the Final Report under seal, it follows that the Court should find good cause for redacting the public version of the Memorandum to omit

---

[3] *See* Letter from LeRoy S. Rooker, Director, Family Policy Compliance Office, to Robin Parker, General Counsel, Miami Univ. (Oct. 19, 2004), http://www2.ed.gov/policy/gen/guid/fpco/ferpa/library/unofmiami.html.

quotations from the Final Report and for filing a complete version of the Memorandum directly with the Court under seal.

## **CONCLUSION**

For the reasons set forth above, Harvard and Harrington respectfully request that this Court issue an Order permitting them to file the Final Report, including exhibits, under seal and with redactions to omit all references to the names and personally identifying information of any student other than Plaintiff referenced in the Final Report and any witness interviewed in connection with Jane Roe's ODR complaint.  Harvard and Harrington also respectfully request that this Court issue an Order permitting them to redact the portions of their Memorandum which quote from the Final Report and to file the unredacted Memorandum under seal.

Dated:  January 2, 2019                           Respectfully submitted,

                                      */s/ Apalla U. Chopra*
                                      Apalla U. Chopra (*pro hac vice*)
                                      achopra@omm.com
                                      O'MELVENY & MYERS LLP
                                      400 South Hope Street
                                      Los Angeles, California  90071
                                      Telephone:     (213) 430-6000
                                      Facsimile:      (213) 430-6407

                                      Patrick D. McKegeny (*pro hac vice*)
                                      pmckegney@omm.com
                                      O'MELVENY & MYERS LLP
                                      7 Times Square
                                      New York, NY 10036
                                      Telephone:     (212) 326-2000
                                      Facsimile:      (212) 326-2061

                                      Victoria L. Steinberg, BBO #666482
                                      Joseph M. Cacace, BBO #672298
                                      TODD & WELD LLP
                                      One Federal Street
                                      Boston, MA  02110
                                      Telephone:     (617) 624-4714
                                      Facsimile:      (617) 624-4814
                                      vsteinberg@toddweld.com
                                      jcacace@toddweld.com

                                      *Attorneys for Defendants,*
                                      *Harvard University, President and Fellows of*
                                      *Harvard College, and Brigid Harrington*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

    The undersigned counsel hereby certifies that Defendants' counsel has conferred in good faith with counsel for Plaintiff regarding the foregoing Motion.  Plaintiff, through counsel, has indicated that he assents to the relief requested in this Motion.

                                      */s/ Apalla U. Chopra*
                                      Apalla U. Chopra (*pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 2, 2019.

                                              */s/ Apalla U. Chopra*
                                              Apalla U. Chopra (*pro hac vice*)