# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>                Plaintiff<br>v.<br>HARVARD UNIVERSITY, et al<br>                Defendants. | CIVIL ACTION<br>No. 1:18-cv-12150-IT |

## NOTICE OF AND ORDER WITH RESPECT TO MEDIATION

**January 23, 2020**

CABELL, U.S.M.J.

      The parties are hereby notified that in accordance with the Order of Reference referring this case to Alternative Dispute Resolution the court has scheduled a mediation conference at **<u>10:00 am on Tuesday, February 11, 2020</u> in Courtroom 23 - Boston**. All parties (or, if applicable, representatives thereof) and counsel are required to attend and must have full settlement authority - leave of court is required for any exceptions. It shall be understood that all parties and counsel will participate in good faith and with the objective of settling the matter on mutually acceptable terms. It shall be further understood that all parties, counsel, and other persons who participate will keep confidential all communications exchanged during the conference.

      The parties are asked to accommodate the court's scheduled mediation date. If the date poses a serious conflict, please do NOT contact the Courtroom Deputy directly regarding mediation scheduling; instead, the parties are to confer and file on CM/ECF an assented-to motion

to continue the mediation, including therein several proposed dates for which all counsel and principals are available.

By no **later than ten (10) days before the mediation** the parties shall exchange settlement proposals and inform the court immediately if they no longer believe it would be fruitful to hold the mediation.

By no later **than seven (7) days before the mediation**, each party shall provide the court a confidential settlement memorandum (marked "Confidential – Not for Docketing") of **no more than five pages** addressing with candor, in enumerated sections, the following points:

1. A brief analysis of the key issues involved in the litigation, including a specific breakdown of the claimed damages.
2. A description of the strongest and weakest legal and factual points in the party's case and the opponent's case.
3. The status of settlement negotiations, including the last settlement proposal made by each side. In this regard, counsel are directed to confer with their clients in advance of the mediation conference to explore the party's settlement position.
4. The settlement proposal that the party believes would be fair.
5. The settlement proposal that the party would be willing to make in order to conclude the matter at this time.
6. A list of the expected attendees at the mediation along with a brief explanation of their role or title.

Each memorandum shall be held in confidence by the court and shall **not** be filed on CM/ECF. The memoranda should be sent to Noreen Russo, Deputy Clerk, Clerk's Office, United States District Court, 1 Courthouse Way, Boston, Massachusetts 02210, or preferably, e-mailed to Noreen_Russo@mad.uscourts.gov.

If you believe the case is not ripe for mediation[1] you must notify opposing counsel and the Court as soon as possible.

IT IS SO ORDERED.

/s/ Donald L. Cabell
DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE

---

[1] Examples of reasons why a case might not be ripe for mediation are (1) crucial discovery has not yet been done or (2) one or more of the parties is unwilling to settle the case on any terms or (3) one or more of the parties is unwilling to settle the case on any terms other than those which the other party or other parties will find impossible to accept.