UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, <br><br>     Plaintiff, <br><br>     v. <br><br> HARVARD UNIVERSITY, HARVARD UNIVERSITY BOARD OF OVERSEERS, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and BRIGID HARRINGTON, in her individual and official capacity, <br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civ. A. No. 18-CV-12150-IT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION TO SCHEDULE RULE 16 CONFERENCE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rules 7.1 and 16.1, Plaintiff John Doe and Defendants Harvard University and the President and Fellows of Harvard College[1] respectfully jointly request that the Court schedule a Rule 16 conference to address discovery and the overall schedule in this case.

As grounds for this Joint Motion, the parties state the following:

1.     Plaintiff filed this action on October 15, 2018, asserting claims against the Defendants for violation of Title IX of the Education Amendments of 1972 (20 U.S.C § 1681, *et seq.*), the denial of due process under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983, breach of contract, breach of the covenant of good faith and fair dealing, racial discrimination in violation of 42 U.S.C. § 1981, and negligence.

---

[1] Plaintiff also named Harvard's Board of Overseers as a Defendant in his Complaint.  Because the Board of Overseers is not a corporate entity with any legal status, the parties jointly filed a stipulation to dismiss the Board of Overseers as a party.  Dkt. No. 14.  In addition, the Court dismissed all claims against Brigid Harrington in the May 28, 2020 Memorandum and Order on Defendants' Motion to Dismiss.  Dkt. No. 68.

2.      Defendants filed a Motion to Dismiss the Complaint in its entirety and with prejudice on January 4, 2019.

3.      The Court granted in part and denied in part Defendants' Motion to Dismiss in a Memorandum and Order dated May 28, 2020.  Dkt. No. 68.  The Court dismissed in their entirety Plaintiff's claims for violation of Title IX, violation of his due process rights, and negligence.  The Court also rejected Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims to the extent that they were based on Defendants' alleged denial of informal resolution, but the Court declined to dismiss those claims to the extent they were based on Plaintiff's allegation "that he was not asked for a follow-up interview prior to the conclusion of the investigation, and was not given an opportunity to meaningfully respond to information obtained during the investigation." Op. 21.  The Court also declined to dismiss Plaintiff's claim of race discrimination under 42 U.S.C. § 1981 predicated on the allegation that "Caucasian students have been permitted by Harvard to resolve complaints of sexual misconduct informally and that Plaintiff's request to proceed informally was handled differently than requests by white students in similar situations." Op. 24.  Finally, the Court dismissed all claims against defendant Brigid Harrington.

4.      To date, no Rule 16 conference has been held or scheduled and no scheduling order has issued in this case.

5.      The parties have conferred and jointly request that the Court schedule a Rule 16 conference to address discovery and the overall schedule in this case, including the impact of the Court's May 28, 2020 Memorandum and Order on the scope of discovery and schedule in this case.

6.      The parties intend to confer under Fed. R. Civ. P. 26(f) on July 8, 2020, and will

timely serve initial disclosures and file a proposed discovery plan thereafter.

WHEREFORE, Plaintiff John Doe and Defendants Harvard University and the President and Fellows of Harvard College respectfully jointly request that the Court schedule a Rule 16 conference to address discovery and the overall schedule in this case.

Dated: July 2, 2020                                      Respectfully submitted,


/s/ Apalla U. Chopra                                     /s/ Tara J. Davis

Apalla U. Chopra (*pro hac vice*)                        Andrew T. Miltenberg (*pro hac vice*)
achopra@omm.com                                          Tara J. Davis (BBO # 675346)
O'MELVENY & MYERS LLP                                    NESENOFF & MILTENBERG LLP
400 South Hope Street                                    101 Federal Street, 19th Floor
Los Angeles, California  90071                           Boston, MA 02110
Telephone:     (213) 430-6000                            212-736-4500
Facsimile:     (213) 430-6407                            amiltenberg@nmllplaw.com
                                                         tdavis@nmllplaw.com

Patrick D. McKegeny (*pro hac vice*)
pmckegney@omm.com                                        *Counsel for Plaintiff*
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone:     (212) 326-2000
Facsimile:     (212) 326-2061


Victoria L. Steinberg, BBO #666482
Joseph M. Cacace, BBO #672298
TODD & WELD LLP
One Federal Street
Boston, MA  02110
Telephone:     (617) 624-4714
Facsimile:     (617) 624-4814
vsteinberg@toddweld.com
jcacace@toddweld.com

*Attorneys for Defendants*

4

## **CERTIFICATE OF SERVICE**

I, Apalla U. Chopra, hereby certify that on this 2nd day of July, 2020, a true copy of the foregoing was filed through the ECF System, which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be served upon anyone indicated as a non-registered participant.

*/s/ Apalla U. Chopra*
Apalla U. Chopra (*pro hac vice*)
